**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50283 |
| Plaintiff-Appellee, | D.C. No.<br>2:12-cr-01075-DOC-1 |
| v. | |
| VIDAL LICEA MORALES, AKA Adrian, AKA Capri, AKA Adrian Licea, AKA Mauricio Licea, AKA Mario Sanchez Morales, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50285 |
| Plaintiff-Appellee, | D.C. No.<br>2:12-cr-01075-DOC-3 |
| v. | |
| MAURICIO LICEA, AKA Mauricio Licea-Morales, AKA Mingo, AKA Licea Vidal, | |
| Defendant-Appellant. | |

Appeal from the United States District Court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted August 27, 2018
Pasadena, California

Before: GOULD and BYBEE, Circuit Judges, and HERNANDEZ,** District Judge.

Vidal Licea Morales and Mauricio Licea appeal their convictions for conspiracy to distribute methamphetamine and related crimes. We affirm.

1.      Defendants have failed to make the requisite "substantial preliminary showing" that DEA Agent Elvis Hugee deliberately or with reckless disregard for the truth omitted material information from the September Affidavit necessary to be entitled to a *Franks* hearing. *United States v. Barragan*, 871 F.3d 689, 701 (9th Cir. 2017). We reject Defendants' request to impute the district court's findings regarding Agent Anna Davila's recklessness to Hugee. Further, Defendants are unable to show that the omissions were material to the issuing judge's necessity finding. *United States v. Rivera*, 527 F.3d 891, 903–04 (9th Cir. 2008); *United States v. McGuire*, 307 F.3d 1192, 1198 (9th Cir. 2002). Suppression is not warranted.

---

**      The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

2. We find that the district court did not abuse its discretion in admitting Hugee's testimony. Hugee's interpretations of drug jargon were based on his personal knowledge gained during the course of the investigation as opposed to any specialized knowledge. *See United States v. Gadson*, 763 F.3d 1189, 1206–13 (9th Cir. 2014); *Barragan*, 871 F.3d at 703–04. Further, Hugee's testimony was properly admitted under Federal Rule of Evidence 701. Hugee provided adequate foundation for his testimony based on his personal knowledge of the investigation and any error arising from Hugee's interpretations of clear or unambiguous language was harmless. *See United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007).

Moreover, the district court did not abuse its discretion by failing to give a dual-role jury instruction. We "do not fault the district court for failing to intervene sua sponte" in such situations where the distinction between lay and expert testimony is a "fine one." *Id.*

3. We find that the district court did not abuse its discretion when it determined that Carlos Soto's testimony did not cause a mistrial. The district court relied on reason and common sense to conclude that the purported connection between the jury's knowledge of Vidal's custodial status at arraignment and Maurice's physical freedom at trial would not lead the jury to conclude that Vidal

3

remained in custody. *See Estelle v. Williams*, 425 U.S. 501, 504 (1976); *United States v. Washington*, 462 F.3d 1124, 1136–37 (9th Cir. 2006).

**AFFIRMED.**